UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4868-CJC (SP) | Date | June 11, 2020 |
|---|---|---|---|
| Title | JERRY ANDERSON v. ON HABEAS CORPUS | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | n/a | n/a | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: | |
| n/a | | n/a | |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Jurisdiction**

On May 27, 2020, petitioner filed a document titled "Requesting Investigation on Habeas Petition Pertaining to Timeliness and Misconduct by Courts," which the court has docketed as a habeas petition under 28 U.S.C. § 2254 ("Petition"). But the "Petition" does not in fact appear to be a true habeas petition that presents a cognizable claim for federal habeas relief, among other defects. As such, it appears this court lacks jurisdiction to grant the relief petitioner seeks.

## Failure to Name Proper Respondent

As an initial matter, it appears this court lacks jurisdiction because petitioner fails to name a proper respondent, or any respondent. Petitioner simply captions the matter "In re Anderson Jerry Habeas Corpus (State) Investigation."

A habeas petition filed pursuant to 28 U.S.C. § 2254 by a petitioner who is currently in custody under a state court judgment must name as respondent the state officer who has custody of the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); 28 U.S.C. § 2242; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). Thus, "[t]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ." *Rumsfeld*, 542 U.S. at 435; *accord Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (*as amended* May 18, 1994) (the proper respondent to the habeas petition is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4868-CJC (SP) | Date | June 11, 2020 |
|---|---|---|---|
| Title | JERRY ANDERSON v. ON HABEAS CORPUS | | |

"typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (*as amended* May 8, 1996); *see also Stanley*, 21 F.3d at 360.

Since petitioner here fails to name any respondent, this court lacks jurisdiction to grant habeas relief. Were that the only problem, it could be easily remedied. But the Petition suffers from more fundamental defects.

### **No Cognizable Claim for Federal Habeas Relief**

Section 2254 permits a federal court to entertain a habeas petition by a prisoner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Further, "the essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); *Burnett v. Lampert*, 432 F. 3d 996, 999 (9th Cir. 2005).

Here, petitioner contends the trial court suppressed exculpatory evidence, and he appears to ultimately seek the reversal of his conviction and release from custody. But that is not what he seeks with the instant Petition. Instead, with this Petition, petitioner apparently seeks evidence he wishes to use to bring his habeas claims in the state courts, and perhaps later in federal court. He contends the state courts are covering each others' errors by thwarting his efforts to obtain reporter's transcripts and learn of the progress of his state habeas petitions. He asks this federal court to investigate the state courts and order the state courts to provide him with trial transcripts. This is well beyond the scope of federal habeas relief.

Most fundamentally, petitioner is not seeking release from custody with this Petition. He is seeking transcripts and an investigation of the state courts. Absent a true habeas claim that may result in petitioner's release from custody, this court lacks jurisdiction. *See Baily v. Hill*, 599 F.3d 976, 979-82 (9th Cir. 2010) (§ 2254's jurisdictional requirement includes that the habeas challenge be to the lawfulness of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4868-CJC (SP) | Date | June 11, 2020 |
|---|---|---|---|
| Title | JERRY ANDERSON v. ON HABEAS CORPUS | | |

petitioner's custody).

## **Lack of Jurisdiction Over the State Courts**

Even if the Petition could somehow be construed as seeking release from custody, petitioner is asking this federal court to investigate the state courts and order the state courts to prepare and release transcripts. That is something this court lacks jurisdiction to do. Although certain federal courts have the power to direct lower federal courts to take certain actions under 28 U.S.C. § 1651(a), that statute does not give the federal courts authority over state courts. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (Eleventh Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition seeking to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. Dist. Ct.*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *see Robinson v. Cal. Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties).

Simply put, this court does not have authority to review state court decisions, particularly on matters such as preparation and release of transcripts. To the extent petitioner is asking this court to overturn the state court's denials of his transcript requests, the *Rooker-Feldman* doctrine bars the request. The *Rooker-Feldman* doctrine, derived from two United States Supreme Court opinions, provides that federal district courts may exercise only original jurisdiction; they may not exercise appellate jurisdiction over state court decisions. *See D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482-86, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). Review of state court decisions may be conducted only by the United States Supreme Court. *See Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; *see also* 28 U.S.C. § 1257.

## ***Younger* Abstention**

Additionally, by asking this court to investigate the state courts and order them to produce transcripts in the midst of petitioner's state habeas efforts, petitioner is asking this court to interfere in state court proceedings. In *Younger v. Harris*, 401 U.S. 37, 91 S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4868-CJC (SP) | Date | June 11, 2020 |
|---|---|---|---|
| Title | JERRY ANDERSON v. ON HABEAS CORPUS | | |

Ct. 746, 27 L. Ed. 2d 669 (1971), the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention.  *Id.* at 43-54.  *Younger* abstention principles apply to federal habeas proceedings.  *See Brown v. Ahern*, 676 F.3d 899, 900-03 (9th Cir. 2012).  Under the *Younger* abstention doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them.  *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986).  *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).  When the *Younger* elements are present, the federal court may exercise jurisdiction only when state proceedings are conducted in bad faith or an extraordinary circumstance exists.  *Baffert*, 332 F.3d at 617.

Here, it appears petitioner is in still presenting his habeas claims to the state courts, and wants this federal court to assist him in that effort.  His habeas petitions are a challenge to his criminal conviction, and as such implicate important state interests.  *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) (enforcement of state court judgments and orders implicates important state interests).  Further, there is no reason petitioner cannot raise his claims about trial transcripts in those state habeas proceedings.  Indeed, it appears he has sought to do just that based on the copy of his habeas petition to the California Court of Appeal he included with the instant Petition.  Accordingly, all the *Younger* elements are present, and for this reason also this court cannot investigate or otherwise take action against the state courts as petitioner requests.

## Order to Show Cause

In sum, it appears this court lacks jurisdiction and otherwise cannot grant the relief petitioner seeks for multiple reasons.  But the court will not adjudicate this matter without giving petitioner an opportunity to be heard.  Accordingly, the court hereby issues an **ORDER TO SHOW CAUSE** why the petition should not be dismissed for failure to name a proper respondent, failure to raise a cognizable federal habeas claim, lack of jurisdiction over the state courts, and the need to abstain under *Younger*.  Petitioner is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4868-CJC (SP) | Date | June 11, 2020 |
|---|---|---|---|
| Title | JERRY ANDERSON v. ON HABEAS CORPUS | | |

**ordered** to file with the court a written response to the Order to Show Cause on or before **July 13, 2020.**

In his response to the Order to Show Cause, petitioner may set forth any reasons he wishes to argue against the dismissal of the action. **The court warns petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice for lack of jurisdiction, for failure to prosecute, and/or for failure to obey court orders.**